UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAN H., <br><br> Plaintiff, <br><br> v. <br><br> LELAND DUDEK, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.:  24-cv-28-KSC <br><br> **ORDER REVIEWING FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** |

## I. BACKGROUND

This action challenges the Commissioner of Social Security's final decision to deny plaintiff's claim for benefits. Doc. No. 1. Plaintiff's case came for hearing before an Administrative Law Judge ("ALJ") on November 8, 2022, on remand from the Appeals Council following remand (by stipulation of the parties) from the United States District Court for the Southern District of California. AR 1381.[1] After reviewing the documentary evidence in the record and hearing new testimony, the ALJ ultimately concluded plaintiff was not disabled prior to her date last insured ("DLI") of September 30, 2016. AR 1392.

---

[1] The Court adopts the parties' citations to the certified record in this matter. All other citations reflect pagination assigned by the Court's CM/ECF case management system.

The ALJ also concluded plaintiff was not disabled between her DLI and February 9, 2019, but plaintiff became disabled by operation of Medical-Vocational Rule 202.06 on February 9, 2019. *Id.*

The ALJ's decision followed the five steps prescribed by applicable regulations under which the ALJ must sequentially determine (1) if the claimant is engaged in substantial gainful employment; (2) whether the claimant suffers from a "severe" impairment; (3) if any impairment meets or is medically equal to one of the impairments identified in the regulatory Listing of Impairments; (4) the claimant's residual functional capacity ("RFC") and whether the claimant could perform any past relevant work; and (5) whether a claimant can make an adjustment to other work based on his or her RFC. *See* 20 C.F.R. § 404.1250(a)(4); AR 1382-83. The ALJ's evaluation ends if at any individual step the ALJ finds the claimant is disabled. *See* 20 C.F.R. § 404.1250(a)(4).

At step one the ALJ calculated plaintiff's DLI and found plaintiff had not engaged in any substantial gainful activity between December 26, 2012, the alleged onset date of her disability, and her DLI. AR 1384. At step two, the ALJ determined plaintiff had the following severe impairments: "degenerative disc disease (DDD), status post laminectomy and cervical fusion, and diabetes." *Id.* The ALJ also found plaintiff had the following non-severe impairments: "anemia, hypertension, hyperlipidemia, gastritis, and adjustment disorder with mixed anxiety and depression." *Id.*

At step three, the ALJ found plaintiff's impairments did not meet or equal the regulatory Listings. AR 1385. At step four, the ALJ found plaintiff had the RFC to perform light work with the following limitations: total standing and walking limited to four hours per day and sitting up limited to six hours per day; the ability to "shift position between standing and sitting (or vice versa) up to 30 minutes each hour"; occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolding; occasional balancing, stooping, kneeling, or crouching; no crawling; occasional pushing or pulling with the lower extremities; no work involving the "special requirement" of extending or flexing the neck;

and no more than "occasional" working at heights. AR 1386. Having analyzed the RFC, the ALJ concluded plaintiff could not perform any past relevant work. AR 1390.

At step five, the ALJ concluded that, prior to February 9, 2019, there were jobs in the national economy plaintiff could perform given her RFC. AR 1391. However, as of February 9, 2019, when plaintiff's age category changed, the ALJ concluded plaintiff became disabled under Medical-Vocational Rule 202.06. AR 1392. The ALJ's decision became the final decision of the Commissioner when the Appeals Council declined to assume jurisdiction. AR 1360-63. This appeal followed.

## II. STANDARD OF REVIEW

This Court will affirm the ALJ's decision if (1) the ALJ applied the correct legal standards; and (2) the decision is supported by substantial evidence. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Under the substantial evidence standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and the Court will defer to the Commissioner if there is evidence in the record to support more than one rational interpretation. *Id.*

Even if the ALJ makes an error, this Court can nonetheless affirm the denial of benefits if such error was "harmless, meaning it was 'inconsequential to the ultimate nondisability determination.'" *Ford v Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). The Court's ability to uphold the ALJ's decision is limited in that this Court may not make independent findings and therefore cannot uphold the decision on a ground not asserted by the ALJ. *See Stout v. Comm'r of the Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## III. ANALYSIS OF THE COMMISSIONER'S DECISION

Plaintiff identifies only one issue for review: whether the ALJ properly considered if plaintiff met Listing 1.04. Doc. No. 16 at 5. The listed impairments of 20 C.F.R. 404, Subpart P, Appendix 1 (colloquially known as the "Listings") are a potent tool for adjudicating benefits applications because they establish a regulatory ceiling for various impairments such that any applicant whose impairments are at least as bad as the Listings

is conclusively deemed disabled. *See* 20 C.F.R. § 416.920(a)(4)(iii); *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 931 (9th Cir. 2014). But the Listings do not actually set the standard for whether an applicant is disabled because the test for disability is always whether the applicant shows "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905. The Listings simply "describe impairments the agency considers 'to be severe enough to prevent an individual from doing any gainful activity.'" *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citing 20 C.F.R. § 404.1525(a)).

In fact, the standard for meeting the Listings is *higher* than the standard for finding an otherwise qualifying disability, because an individual will be found disabled if unable to do "substantial" gainful activity, but only claimants who cannot do *any* gainful activity will meet the Listings. *See* 20 C.F.R. § 416.925(a); *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990), s*uperseded by statute on other grounds as stated in Colon v. Apfel*, 133 F. Supp. 2d 330, 338-39 (S.D.N.Y. 2001). As the five-step sequential evaluation process presupposes, an individual can be found disabled, even after not meeting any Listing, if he or she nonetheless lacks the residual functional capacity to perform substantial gainful activity. *See Cox v. Kijakazi*, 77 F.4th 983, 992 (D.C. Cir. 2023). Thus, the best way to understand the Listings is as a tool for the expeditious resolution of only the most severe and obvious cases of disability.

Although plaintiff presents this case as a matter of whether she met the applicable Listing, the parties' briefing reveals two, independently dispositive sub-issues in this case. The first is *which* Listing applies to plaintiff's benefits claim. *See* Doc. No. 16 at 11, 16-17. Second, the parties dispute whether, under the different potential Listings, plaintiff's impairments met the standards for the applicable Listings at step three of the sequential evaluation process. *See generally id.* at 7-10, 13-15. The Court will address both issues.

////

### (A) Which Listing Applies to Plaintiff's Claim

The substance of the parties' dispute about the appropriate listing is whether the ALJ should have applied Listing 1.04 (the "Old Listing") or Listing 1.15 (the "New Listing") at step three. *See* Doc. No. 16 at 11, 16-17. As a general matter, the Administration's 2020 rulemaking replaced the Old Listing with the New Listing. *See* Doc. No. 16 at 11, 16; *see also* 85 Fed. Reg. at 78,164. The Old Listing was effective from February 19, 2002, until April 2, 2021, the date the New Listing took effect. *See* 66 Fed. Reg. 58,010; 85 Fed. Reg. at 78,164; *Jones v. O'Malley*, 107 F.4th 489, 493 n.4 (5th Cir. 2024). Plaintiff first filed a claim for benefits in October 2016. AR 219-37. However, the ALJ did not render the final decision on plaintiff's claim until January 25, 2023. AR 1392. Thus, the New Listing took effect during the pendency of plaintiff's claim.

Plaintiff now claims the ALJ should have followed the Old Listing, and only the Old Listing, at strep three. *See* Doc. No. 16 at 16-17. Defendant contends the New Listing superseded the Old Listing, and, therefore, the New Listing, and only the New Listing, controlled. *Id.* at 11. Plaintiff urges the Court to find the Old Listing applied to plaintiff's claim because (1) the ALJ "considered" the Old Listing as part of the decision on plaintiff's application for benefits and (2) a selection of cases have adopted a rule of using the Listing in effect at the time a plaintiff first applies for disability benefits rather than following revised Listings that take effect while a claim is pending. *See* Doc. No. 16 at 16.

As to plaintiff's first argument, it would appear the ALJ evaluated plaintiff's disability under the Old Listing *and* the New Listing, concluding plaintiff's impairments satisfied neither. AR 1385. Using both Listings was consistent with the Appeals Council's remand order. AR 1475. The Court is unaware of anything in the record showing the ALJ or the Appeals Council pondered, let alone decided, the legal question of which Listing applied. Plaintiff contends the Appeals Council directed the ALJ to use the Old Listing. Doc. No. 16 at 10. Defendant characterizes the decision to apply both Listings as made "in an abundance of caution." *Id.* at 11. But trying to figure out why the ALJ and the Appeals Council decided to analyze plaintiff's claim under both Listings puts the cart entirely before

the horse. The ALJ's job is to follow the *correct* regulations, and a regulation is not magically transformed into the correct law simply because the ALJ chose to follow it. Plaintiff offers no authority for the proposition that the Old Listing should apply—*even if it was the wrong Listing*—simply because the ALJ considered it. The Court concludes this argument is unpersuasive.

Plaintiff's second argument has some support in case law. Plaintiff suggests the Court should follow a line of cases reasoning the ALJ must apply the Listing in effect at the time of a claimant's application rather than a Listing that takes effect while a case is pending. Doc. No. 16 at 16. The parties have not cited, and the Court has not discovered, binding authority for that legal proposition. The Ninth Circuit case on which plaintiff chiefly relies, *Maines v. Colvin*, 666 Fed. Appx. 607 (9th Cir. 2016), is not reported in the official reporter and is therefore not binding on this Court or a subsequent panel of Ninth Circuit judges who might consider the question. Ninth Cir. R. 36-3; *Maines*, 666 Fed. Appx. at 608 n.*; *Flores v. Flores*, 590 F. Supp. 3d 1373, 1381 (W.D. Wash. 2022). Although plaintiff cites a handful of District Court decisions, those cases are also not binding on this Court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011).

The line of cases asserting a claim should be evaluated under the Listing in effect at the time of filing appears to start, or at least gain substantial steam, with the unreported *Maines* case.[2] But treating unreported decisions as authoritative statements of law is risky business, as they may not give a proper exegesis of the law to guide courts and litigants in future cases. *See Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1194-95 (9th Cir. 2024); *Malone v. Williams*, 112 F.4th 867, 877 (2024); *Guam v. Yang*, 800 F.2d 945, 949 (9th Cir. 1986) (Ferguson, J., dissenting). Relying too carelessly on unreported decisions has even brought lawyers to the brink of sanction. *See, e.g.*, *Hart v. Massanari*, 266 F.3d

---

[2] *Kokal v. Massanari*, 163 F. Supp. 2d 1122 (N.D. Cal. 2001) predates *Maines*. But, as the Court explains, *infra*, that case involved slightly different issues and reached the wrong conclusion for very different reasons.

1155, 1158-59 (2001). Not appreciating the fact that *Maines* is not precedent, the trial court decisions, reported or otherwise, supporting plaintiff's position in this case lean heavily on *Maines*. *See, e.g.*, *Smith v. Comm'r of Soc. Sec. Admin.*, 678 F. Supp. 3d 1131, 1136 (D. Ariz. 2023); *Catherine O. v. Kijakazi*, 2:22-cv-1870-BNW, 2024 WL 1194416, 2024 U.S. Dist. LEXIS 49223, at *13-14 (D. Nev. Mar. 19, 2024); *Caffall v. Berryhill*, C17-5051-MAT, 2017 WL 5009692, 2017 U.S. Dist. LEXIS 182139, at *6 n.2 (W.D. Wash. Nov. 2, 2017). One court even described *Maines* as an "explicit[]" holding by the Ninth Circuit. *See Catherine O.*, 2024 U.S. Dist. LEXIS 49223, at *13. Plaintiff suggests this Court should "look to" *Catherine O.* as proof of this supposedly explicit holding. Doc. No. 16 at 16. This Court will not mince words: the Ninth Circuit has not made that holding, explicitly or otherwise, because, as an unreported case, *Maines* does not establish controlling precedent. *See* Ninth Cir. R. 36-3.

The Fifth Circuit, in contrast, has most explicitly ruled on the **exact** question presented in this case. *Jones v. O'Malley*, 107 F.4th 489, 493-94 (5th Cir. 2024). In *Jones*, as in this case, the plaintiff argued the ALJ "should have evaluated his claims utilizing Listing 1.04" which "was in effect . . . when [plaintiff] filed his applications for benefits . . . rather than Listing 1.15, which became effective on April 2, 2021," after filing but before the final decision. *See* 107 F.4th at 493. The Court held the New Listing should apply. *Id.* at 995. The Court carefully considered whether applying the New Listing to plaintiff's claim would violate the Supreme Court's prohibition against retroactive rulemaking (at least when done without express Congressional authorization) as established in *Bowen v. Georgetown University Hospital*, 488 U.S. 204 (1988) and *Landgraf v. Usi Film Productions*, 511 U.S. 244 (1994). *Id.* at 991-95. The Court concluded application of the New Listing would not be impermissibly retroactive under *Landgraf* because it would not impair any rights plaintiff possessed prior to implementation of the New Listing; impose any new legal obligation; or deny plaintiff of fair notice, disrupt any reasonable reliance on plaintiff's part, or impair any of plaintiff's settled expectations. *Id.* The D.C., Seventh, and Sixth Circuits have likewise rejected retroactivity challenges when the Administration

applies amended Listings to pending disability claims. *See Cox v. Kijakazi*, 77 F.4th 983 (D.C. Cir. 2023); *McCavitt v. Kijakazi*, 6 F.4th 692 (7th Cir. 2021); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640 (6th Cir. 2006) (en banc).

      This Court finds these cases from other Circuits all reached the correct result, which runs counter to the non-binding authority in this Circuit. The flaw in *Maines*, which the cases following it repeat, is that they all beg the question of retroactivity. While they start with the correct legal rule—that regulations may not be retroactive unless Congress expressly permits it—they all *assume* the rulemaking was "retroactive" because it effected cases pending prior to the enactment of a new Listing. But a new rule applied in a pending case is improperly retroactive, and thus requires Congressional approval, only if it fails the *Landgraf* test. *Maines* (which does not even cite *Landgraf*) and its progeny (which either ignore *Landgraf* or do not meaningfully apply it) are therefore missing an essential piece of the puzzle. Accordingly, the Court concludes they were all wrongly decided. But even if this Court agrees with the other Circuits that have taken up this issue, the Court would nonetheless be bound by Ninth Circuit authority of broader application if it could not be distinguished.

      *Maines* rests its logic of "retroactivity" on *Ball v Massanari*, 254 F.3d 817 (9th Cir. 2001). *See* 666 Fed. Appx. at 608. Unlike *Maines*, *Ball* is binding authority within the scope of its holding. In *Ball*, the plaintiff, who suffered from alcoholism, applied for benefits prior to the effective date of the 1996 Contract With America Advancement Act, which took effect after the plaintiff first filed his claim but before the Commissioner made a final benefits determination. *See* 254 F.3d at 819-20. The new law effectively barred individuals suffering from alcohol or drug addiction from claiming disability benefits if alcohol or drug use contributed to their disabilities. *Id.* As applied to the plaintiff in *Ball*, the law disqualified him from receiving benefits to which he otherwise would have been entitled. *Id.* at 820. The Ninth Circuit upheld the law because, although it changed plaintiff's substantive legal rights during the pendency of the claim and was therefore

undeniably retroactive, the law was nonetheless permissible under *Landgraf* because Congress had explicitly given the law retroactive effect on pending claims. *Id.* at 821.

But *Ball* differs markedly from this case. In *Ball*, the plaintiff was disabled and therefore entitled to benefits before the law changed; but Congress literally stripped him of his entitlement to benefits while his claim was pending. That is emphatically not the case here because, as the Court has already noted, the Listings are a means of expeditiously resolving cases of obvious disability, but they do not alter whether or not a specific claimant is disabled because "[t]he actual substantive right to benefits derives from the [Social Security] Act's definition of disability," not the Listings. *Combs*, 459 F.3d at 650. Thus, the statute in *Ball* changed a substantive legal right that was "vested" at the time the pending claim was filed, whereas in this case plaintiff's rights have not been changed by the alteration to the Listings. The Court in fact finds *Ball* highly persuasive and instructive because the case exhibits the key difference between the kinds of laws altering "vested" substantive rights, which require Congressional approval if they are to be applied to pending claims, and laws that simply modify ancillary procedures without changing the underlying legal rights. *See Landgraf*, 511 U.S. at 697 n.17 (Scalia, J., concurring). *Ball* does not, as the *Maines* Court incorrectly concluded, require this Court to accept plaintiff's arguments about the application of the New Listing to pending claims.

*Kokal v. Massanari*, 163 F. Supp. 2d 1122 (N.D. Cal. 2001) also bears mentioning because it is another, older case on the issue of supposedly retroactive regulations. *Kokal* addressed a slightly different issue, one that might arise in an even narrower number of cases, where an ALJ finds a plaintiff disabled by application of the Listings, then the agency changes a Listing *after* the ALJ's determination but *before* the appeals process had been exhausted. *See* 163 F. Supp. 2d at 1133. The Court in *Kokal* concluded the Administration could not, under those circumstances, go back and reevaluate an applicant who had already been found disabled under a superseded listing. *See id.* at 1033-34. Although that is not the precise question before this Court, the issue is close enough to consider, and, in so considering, the Court ultimately finds *Kokal* unpersuasive. In that

case, the Court based its conclusion on a purely hypothetical situation in which the plaintiff *might* have been "denied under the new criteria" but "qualified under the old," which the Court would have considered unfair. *See id.* at 1032-33. The *Kokal* Court posed this hypothetical and decided the issue even though (a) plaintiff had not actually been evaluated under the superseded listing; and (b) the court merely speculated the plaintiff "likely" satisfied the requirements of the superseded listing. *Id.* at 1130, 1132.

*Kokal*'s flaws are thus twofold. First, the Court engaged in unnecessary guesswork and speculation that pushes the decision perhaps beyond the boundaries of the prohibition on advisory opinions. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 925 F.3d 1041, 1047 (9th Cir. 2019). More germane to this case, this Court finds *Kokal* unpersuasive because that case rested on a fundamental misunderstanding of the Listings. The *Kokal* Court assumed a change in the Listings might alter whether the plaintiff did or did not qualify for benefits. But, because the Listings do not alter the standard for finding disability, the Court concludes the *Kokal* decision was erroneous and declines to follow it. Courts in other Circuits have concluded the same about *Kokal*. *See Jones*, 107 F.4th at 494 n.6; *Combs*, 459 F.3d at 650; *Keenan v. Barnhart*, 375 F. Supp. 2d 1335, 1341-43 (W.D. Okla. 2003). Having considered the case law, the Court concludes plaintiff's claim should have been evaluated under the New Listing, and the ALJ made no error in applying it.

### (B) Whether Plaintiff Met the New Listing

Having concluded the New Listing controls plaintiff's application for benefits, the Court must only decide if the ALJ's application of the New Listing was supported by substantial evidence. An individual seeking benefits carries the burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). Plaintiff has made no argument in this case that she met the New Listing. She devotes the entirety of her briefing to arguments purporting to show how she met the Old Listing. *See* Doc. No. 16 at 5-11. These arguments prove wholly unpersuasive to the Court because they apply the facts of this case to the wrong law, and, therefore, plaintiff cannot meet her burden of persuasion.

But plaintiff would not prevail even if she had argued for her disability under the correct law.

The New Listing has two prongs. First, plaintiff would need to show "[i]mpairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months." 20 C.F.R. pt. 404, app. 1, § 1.01, sub. § 1.15(D). If the first prong is present, the plaintiff would also need to show one of the following: use of bilateral canes, crutches, or a seated mobility device requiring the use of both hands; an inability to work with one hand and the use of an assistive device requiring the other hand; or an inability to use both hands for work. *Id.* As the ALJ noted, the record in this matter supports a finding that plaintiff can walk without the use of an assistive device. *See* AR 1385 (citing AR 1624-25, AR 1736-37). Given her lack of an assistive device, plaintiff would need to show both upper extremities were so impaired they would not permit her to work. However, as the medical expert (whom the ALJ considered persuasive) testified at the hearing, plaintiff's impairments are lumbar in nature, and she can work with her upper extremities. *See* AR 1386, 1410-11. Thus, the record also supports a finding that plaintiff does not meet the prong of the New Listing that would direct a finding of disability, even without the use of an assistive device.

Accordingly, because plaintiff has failed to offer any argument whatsoever about how the ALJ's decision under the New Listing was erroneous, and because the ALJ's finding in that regard is supported by substantial evidence, the Court concludes the ALJ's finding that plaintiff did not meet the Listings was not erroneous. The final decision of the Commissioner is **AFFIRMED**. The Clerk of Court shall enter judgment for defendant and close the case.

Dated: February 19, 2025

Hon. Karen S. Crawford
United States Magistrate Judge